## Commonwealth v. Reese

*Robert A. Mix, Assistant District Attorney,* for Commonwealth.
*Alan Ellis,* for defendant.

CAMPBELL, *P.J.,* April 29, 1977 — Defendant was convicted of delivery of marijuana, possession with intent to deliver, and possession. The following sentence was imposed: "And now, February 7, 1977, the Sentence of the Court is that you, William H. Reese, Jr., pay the costs of prosecution; pay for the use of the County of Centre the sum of Five Hundred Dollars ($500); and undergo imprisonment in the Centre County Jail for a period of not less than seven (7) days, nor more than twenty-three (23) months . . . ."

At the time of sentencing defendant was advised that the costs included $714 for reimbursing the Bureau of Drug Control. This amount was expended by undercover agents in purchasing marijuana from the defendant. Defendant filed a motion to correct an illegal sentence, contending that the sum of $714 advanced by the Commonwealth for making the buy is a cost of investigation and not a cost of prosecution and therefore not properly assessed by the sentencing judge. We disagree.

The Act of August 9, 1955, P. L. 323, sec. 1403, 16 P. S. §1403, provides in part as follows:

". . . in any case where a defendant is convicted and sentenced to pay the costs of prosecution and trial, the expenses of the district attorney in connection with such prosecution shall be considered a part of the costs of the case and be paid by the defendant."

The Act of March 31, 1860, P.L. 427, sec. 64, 19 P.S. §1223, provides in part as follows:

". . . in all cases of conviction of any crime, all costs shall be paid by the party convicted . . . ."

In construing this statute our Supreme Court in the case of Commonwealth v. Davy, 456 Pa. 88, 317 A.2d 48 (1974), after noting that the statute had been thrice amended, stated as follows:

". . . in each instance, the liability for costs has been expanded. From our reading of the Act and its subsequent amendments, it is clear that the Legislature intended to include in the costs for which a convicted person is liable all costs of the proceedings requisite for the final disposition of the case."

We are fully aware that sister courts of this Commonwealth have limited the district attorney's expenses under the 1955 Act, 16 P. S. §1403, to those expenses incurred by an officer under his direction. Since the district attorney is the chief law enforcement officer of the county, we believe it to be a reasonable interpretation that the drug enforcement officer, when he made the buy, was acting under the general direction of the district attorney in his jurisdiction. We believe that monies expended by drug enforcement agents in purchasing narcotics are a reasonable cost of prosecution under the Act. We likewise believe that the funds expended in the purchase of the marijuana are a logical construction of the word "costs" under the Act of March 31, 1860, 19 P. S. §1223.

In the event we are in error in classifying the Commonwealth's expenditures for the drug buy as costs, we believe this court has every right to order restitution of the $714 to the Commonwealth.

Pennsylvania Consolidated Statutes, 18 Pa. C.S.A. §1321(c), provides as follows:

"Restitution. — . . . the court may order the defendant to compensate the victim of his criminal conduct for the damage or injury that he sustained."

We have here a defendant who has been found guilty of criminal conduct which has caused damage or injury in the amount necessary to purchase the marijuana. Restitution is due victims injured by criminal activity. The victim in this instance is clearly the Commonwealth. The injury is real. Defendant has no right, either legal or equitable, to retain the fruits of the sale of illegal drugs. To permit him to do so would be inconsistent with the criminal sanctions imposed against such activity and to that extent is patently contrary to public policy.

In order to fully implement the holdings of this opinion we will file an amendment sentence reading as follows:

"And now, April 29, 1977, the sentence of this court dated February 7, 1977, is amended to read as follows:

"The sentence of the court is that you, William H. Reese, Jr., pay the costs of prosecution, which costs shall include the sum of $714 restitution due the Commonwealth of Pennsylvania (the purchase price paid) for the drugs sold by defendant; pay for the use of the County of Centre the sum of $500; and undergo imprisonment in the Centre County Jail for a period of not less than seven days nor more than 23 months, with credit to be given on the minimum sentence of seven days for time served."

Defendant's request to exclude $714 from the costs of this case is refused.