## Commonwealth v. Davy, Appellant.

Submitted May 21, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*John H. Chronister,* Assistant Public Defender, for appellant.

*Robert J. Wire, Jr.,* Assistant District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 25, 1974:

Appellant pleaded guilty to 27 misdemeanor counts and was placed on probation. He was later found to be in violation of his probation, and, as a consequence, was sentenced to 16 months imprisonment and charged with the costs of his prosecution. Included in those costs as taxed were the expenses of extraditing appellant from Texas to Pennsylvania in order to obtain his presence at the revocation of probation hearing and for sentencing if found guilty of violating the terms of probation. He now contends that he was improperly charged with the costs of his extradition, which amounted to about $1000.

By the Act of May 19, 1887, P. L. 138, No. 82, the General Assembly placed the costs of misdemeanor prosecutions upon the county in the first instance, but required the district attorney to collect these costs from the party liable therefor,[1] and to pay the costs collected into the county treasury; the act included in such costs the expenses of the justice of the peace and the constable, as well as the expenses of the district attorney in processing an appeal. The Act of 1887 has been thrice amended[2] and, in each instance, the lia-

---

[1] The Act of March 31, 1860, P. L. 427, §64, 19 P.S. §1223, had made all persons convicted of a crime liable for the costs of their prosecution. The appellant has served his sentence and is now at liberty. There is no indication that his status has been affected by his non-payment of the costs.

[2] Act of July 2, 1953, P. L. 325, No. 70; Act of June 28, 1957, P. L. 438, No. 241; Act of November 19, 1959, P. L. 1530, No. 541. See 19 P.S. §§1225 and 1263.

bility for costs has been expanded. From our reading of the Act and its subsequent amendments, it is clear that the Legislature intended to include in the costs for which a convicted person is liable the costs of all proceedings requisite for the final disposition of the case.

In light of this legislative background, we cannot agree with appellant's assertion that he is not taxable for the costs of his extradition because the Uniform Extradition Act directs that "[a]ll costs and expenses shall be paid out of the county treasury in the county wherein the crime is alleged to have been committed". (Act of July 8, 1941, P. L. 288, §24, 19 P.S.§191.24.) Just as the expenses of the constable in first apprehending an accused are chargeable to the county in the first instance, but ultimately to the person convicted, so also the expenses of apprehending, through extradition, a probation violator for hearing and sentencing are costs of prosecution for which the appellant is ultimately liable, even though the initial obligation to defray the costs is upon the county.

Finding the appellant's argument to be without merit, we affirm the order of the court below.