415 A.2d 406

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**John R. CODER, Appellee.**

Supreme Court of Pennsylvania.

June 10, 1980.

Robert F. Banks, First Asst. Dist. Atty., for appellant.

Scott A. Williams, Williamsport, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This appeal arises from an order by the trial court taxing appellee, John R. Coder, with the costs of his prosecution including costs accruing from a change of venue granted on his motion.[1] Initially Coder was charged with costs exceeding $10,000. He objected and the Commonwealth was ordered to provide him with a bill of costs to which he could file exceptions. After a hearing on the exceptions, the trial court reduced the amount and ordered Coder to pay approximately $8,000. The Superior Court reversed, concluding that Coder should be taxed only for the amount the costs of prosecution would have been had the trial taken place in Lycoming County.[2] We reverse.

This case is governed by Section 64 of the Act of March 31, 1860, P.L. 427 [3] which provides, inter alia, " . . . in

1. The offenses for which Coder was convicted took place in Lycoming County when he was Mayor of Williamsport. On Coder's motion the trial court determined that due to excessive publicity he could not receive a fair trial in Lycoming County, and venue was changed to Mercer County, approximately 230 miles away.

2. A plurality of the Superior Court concluded that requiring the defendant to pay costs accruing from a change of venue constitutes a penalty and exerts a "chilling" effect on the exercise of his constitutional right to a fair trial. Judge Spaeth concurred on the basis that it is unfair to impose the costs of a change of venue on a defendant under the circumstances presented in this case. Judge Cercone filed a dissenting opinion in which Judges Hoffman and Van der Voort joined.

3. 19 P.S. § 1223. This section has been repealed and replaced by the Act of July 9, 1976, P.L, 586, No. 142, § 2, eff. June 27, 1978, 42 Pa.C.S.A. § 1726.

Defendant was convicted by a jury on charges of wiretapping conspiracy and false swearing in 1975. Two other charges were dismissed prior to verdict and a motion in arrest of judgment was granted as to the charge of false swearing.

all cases of conviction of any crime, all costs shall be paid by the party convicted." As succinctly stated by President Judge Cercone in the court below:

> "It is clear that the legislature has determined that a person who commits a crime thereby triggering the prosecutorial machinery of the Commonwealth, should repay the Commonwealth the necessary costs and expenses of prosecution, if he is found guilty beyond a reasonable doubt, and is financially able to do so."

*Commonwealth v. Coder*, 252 Pa.Super. 508, 519, 382 A.2d 131, 137 (1977) (Cercone, J. dissenting).

■ Coder argues that requiring him to pay costs accruing from a change of venue constitutes a penalty and exerts a "chilling" effect on the exercise of his constitutional right to a fair trial. We disagree. The *purpose* of the statute is to recoup the costs of trial where a jury finds the defendant guilty beyond a reasonable doubt, not to chill the assertion of constitutional rights by penalizing those who choose to exercise them. Imposition of admittedly difficult choices is not necessarily unconstitutional. *Lepley v. Lycoming County Court of Common Pleas*, 481 Pa. 565, 393 A.2d 306 (1978).

In *Fuller v. Oregon*, 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974), the United States Supreme Court dealt with a similar problem which arose out of an Oregon recoupment statute. That statute provided that, in the case of convicted defendants who were able to pay all or part of the expenses incurred by the state in prosecuting the defendant, including costs for the convicted persons's appointed counsel, be repaid to the state. In that case appellant argued that the statute had a "chilling" effect on the exercise of constitutional rights because a defendant's knowledge that he might remain under an obligation to repay might impel him to decline the services of an appointed attorney. Mr. Justice Stewart rejected this argument, distinguishing *Fuller* from those cases where statutes having *no other purpose* or effect than to chill the assertion of constitutional rights by those persons who chose to exercise them were found invalid.

■ Coder argues that assessment of extraordinary costs against a defendant because the news media has publicized his case extensively and prejudicially is unfair. We reject this argument.[4]

Obviously, when a person commits a crime which stirs wide community interest, either because the crime is heinous or its perpetrator is a person invested with a public trust, publicity will follow inevitably. The ensuing publicity should be readily foreseeable by the perpetrator of the crime, so that it is neither arbitrary, capricious nor unreasonable to hold him responsible for the dysfunction his conduct caused the criminal justice system. If he is innocent of the charges, he will bear none of these costs.

*Commonwealth v. Coder, supra,* 252 Pa.Super. at 519, 382 A.2d at 137.

■ With regard to appellee Coder's remaining assignments of error, being unable to improve upon the dissenting opinion filed by the learned judge below, we quote:

Having determined that appellant's constitutional rights have not been infringed by requiring him to pay the costs of prosecution, I would reach appellant's[5] remaining arguments. Appellant also contends that Rule 313(b) of the Rules of Criminal Procedure[6] places the costs of change of venue on the county, not the defendant. Authority for imposing costs upon a defendant convicted of the charges against him is found in 19 P.S. § 1223, supra. . . . Included as a portion of the costs which may be imposed are the expenses of the district attorney. The Act of

4. Where it is determined that the prosecution is primarily responsible for the conditions which necessitate the change of venue, the defendant should be absolved of the costs incident to the change of venue.

5. John R. Coder, appellee in the instant case, was the appellant when the matter was reviewed by the Superior Court.

6. Now Rule 312(b). Adopted June 30, 1964, eff. January 1, 1965, amended June 28, 1976, eff. July 1, 1976; renumbered from Rule 313 and amended June 29, 1977, effective as to cases in which the indictment or information is filed on or after January 1, 1978; amended November 22, 1977.

August 9, 1955, P.L. 323, § 1403, 16 P.S. § 1403 (1965) provides as follows:

"All necessary expenses incurred by the district attorney or his assistants or any officer directed by him in the investigation of crime and the apprehension and prosecution of persons charged with or suspected of the commission of crime, upon approval thereof by the district attorney and the court, shall be paid by the county from the general funds of the county. In any case where a defendant is convicted and sentenced to pay the costs of prosecution and trial, the expenses of the district attorney in connection with such prosecution shall be considered a part of the costs of the case and be paid by the defendant."

Rule 313(b), upon which appellant relies does not relieve him of responsibility for the costs of prosecution placed upon him by the above statutes in the event of his conviction. The rule provides: "All costs accruing from a change of venue shall be paid by the county in which the complaint was filed." This rule does not operate to fix the costs upon the county instead of the defendant but, rather, determines as between the two counties which one shall initially bear the expense of a change of venue. It does not prevent the county from recouping the costs expended from the defendant upon conviction, but specifies which county has the responsibility of securing payment from the defendant. Our Supreme Court in *Commonwealth v. Davy*, 456 Pa. 88, 317 A.2d 48 (1974), interpreting Act of July 8, 1941, P.L. 288, § 24, 19 P.S. § 191.-24[7] a section of the Uniform Extradition Act similar to Rule 313(b), applied 19 P.S. § 1223, supra stating, the county under 19 P.S. § 1223, supra, may recoup from the defendant as a part of the costs of prosecution monies expended by the county in extraditing the defendant, although the costs of extradition are initially assessed against the county under 19 P.S. § 191.24, supra. Neither

7. Since repealed and replaced by Act of July 9, 1976, P.L. 586, No. 142 § 2, eff. June 27, 1978, 42 Pa.C.S.A. § 3722.

statute excludes the costs accruing from a change of venue as part of the cost which may be imposed upon the defendant, nor does the rule relieve appellant from liability for these costs. Thus, the expenses of the Lycoming and Mercer County District Attorneys' Offices, as well as the expenses incurred for the Commonwealth's witnesses, may be recouped from appellant.

Appellant also claims that the District Attorney failed to file a bill of costs which demonstrated its reasonableness and fairness specifically enough. As discussed above, a defendant may be required to only pay costs authorized by statute. 16 P.S. § 1403, supra, permits the expenses of the District Attorney and those who assist him in the prosecution to be included as a part of the costs, but only to the extent that those expenses are "necessary." The District Attorney must provide a defendant, who is charged with costs, a reasonably specific bill of costs and show how such costs were necessary to the prosecution. In the instant case, the District Attorney and the County Controller initially submitted a lump sum of over $10,000 for court approval, and, apparently ex *parte*, the court approved an order for appellant to pay that sum. Only after appellant objected and court ordered a bill of costs to be filed was any itemization of costs presented to appellant. Some expenses, such as jurors' expenses and those of certain court personnel, were found to be improperly charged to appellant. As to the other categories of expenses, the District Attorney did not demonstrate how the expenses of various witnesses or other persons assisting the district attorney were necessary to the prosecution. During the evidentiary hearing, the court below erred by placing the burden on appellant to show the costs were unnecessary, rather than requiring the Commonwealth to adequately demonstrate that these costs were necessary.

Appellant also argues that, since he was convicted of only two of the five charges, he should be required to pay no more than forty percent of the costs. In *Common-*

*wealth v. Soudani,* 193 Pa.Super. 353, 165 A.2d 709 (1960), the defendant made a similar claim when the first of the two counts upon which he was convicted was set aside by the Supreme Court as being only a differing degree of the second. This court refused to apportion the costs between the first and second counts since all the costs were necessary to try the defendant on the second count. We have nothing in the record before us indicating what costs, if any, were solely attributable to the charges which were dismissed. We cannot, therefore, arbitrarily apportion costs solely on appellant's conviction on only two of the charges. If the Commonwealth demonstrates by a preponderance of evidence that all the witnesses were reasonably necessary to prove the charges for which appellant was convicted, the Commonwealth may recover the expenditures arising from their attendance at the trial. When the new hearing is held on the question of unnecessary costs, it should be determined whether any of the costs are solely attributable to the charges which were dismissed in granting the motion in arrest of judgment. See *Commonwealth v. Smith,* 239 Pa.Super. 440, 361 A.2d 881 (1976). As in a lawsuit for any other unliquidated debt, the burden of justifying the costs by the preponderance of evidence is on the plaintiff, the Commonwealth herein.

While the lower court was correct in ruling that appellant may constitutionally be required to pay costs of prosecution deriving from a change of venue, the court erred in ruling that the bill of costs incurred was sufficiently specific to meet the Commonwealth's burden of proof. . . .

Hence we remand for a new hearing on the bill of costs.

Reversed and remanded for proceedings consistent with this opinion.

NIX, J., filed a concurring opinion.

ROBERTS, J., filed a dissenting opinion in which O'BRIEN and KAUFFMAN, JJ., joined.

NIX, Justice, concurring.

I agree with the majority in its rejection of the constitutional claims presented in this appeal. This statute[1] does not represent a "patently impermissible" attempt to "penalize a criminal defendant for exercising so fundamental a right by imposing costs of the venue charge." (At 411, Roberts, J., dissenting opinion). Moreover, it does not exert a constitutionally prohibited "chilling effect." I am satisfied that the United States Supreme Court's discussion of the question in *Fuller v. Oregon*, 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974), adequately responds to these contentions. It cannot be successfully argued that the right to a change of venue is any more important in assuring a fair trial than the right to counsel.

Nevertheless, I believe that it is important to emphasize that my agreement with the majority's result is premised upon an interpretation of the statute in question which limits the enforcement of this type of assessment to situations where the defendant has the capacity to meet it without manifest hardship. I note that in this case appellant was provided an opportunity to question the legitimacy of the bill of costs and that the court did, in fact, reduce the figure arrived at by the Commonwealth. I also assume, since there is nothing to the contrary being urged before us, that this defendant has the financial capacity to meet this obligation without manifest hardship.

ROBERTS, Justice, dissenting.

We cannot subscribe to the majority's conclusion that the Commonwealth can impose the cost of a change of venue, here over $8,000, on appellee. Neither the Commonwealth nor the majority refers to any case in this or any other jurisdiction, and research reveals none, in which the prosecution has been permitted to impose such costs. Unlike the majority, we agree with the Superior Court that this unprecedented imposition of costs is impermissible.

1. The applicable statute is Act of March 31, 1860, P.L. 427, § 64, 19 P.S. § 1223, repealed and replaced, 42 Pa.C.S.A. § 1726 (effective June 27, 1978).

204

Through no fault of appellee, substantial prejudicial publicity surrounded appellee's case. Appellee properly obtained a change of venue, approved by both the trial court and this Court.

"There are rights of constitutional stature whose exercise a State may not condition by the exaction of a price." *Garrity v. New Jersey*, 385 U.S. 493, 500, 87 S.Ct. 616, 620, 17 L.Ed.2d 562 (1967). No right is more basic and fundamental to our system of fair and impartial justice than the right to a fair trial before an impartial judge and jury. See U.S. Const. amends. VI & XIV; Pa.Const. art. I, § 9. It is manifestly unfair and unreasonable to penalize appellee for exercising so fundamental a constitutional right.

The majority's result would, until today, have been all but unthinkable in this Commonwealth given these constitutional guarantees. The majority's result is even more remarkable, however, in light of existing statutory provisions and rules of this Court. Pa.R.Crim.Pro. 312(b) expressly provides that "[a]ll costs accruing from a change of venue shall be paid by the county in which the complaint was filed." See also Act of May 18, 1875, P.L. 30, § 3, formerly 19 P.S. § 553. Just two months ago, in supplementing existing venue procedure by establishing a means for transporting jurors from other counties, our Legislature took care to relieve an accused citizen of the costs of this change of venire:

"All costs incurred under this section shall be paid by the county where the complaint is filed."

42 Pa.C.S. § 8702(c). The majority's determination to ignore these plain mandates, as well as its failure to protect fundamental constitutional rights, once again unnecessarily forces a Pennsylvania litigant to seek redress in a federal court for vindication of rights that should have been respected in the state system. The order of the Superior Court should be affirmed. The majority's failure to do so compels dissent.

O'BRIEN and KAUFFMAN, JJ., join in this dissenting opinion.