440 A.2d 607

COMMONWEALTH of Pennsylvania,

v.

James CUTILLO, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 10, 1981.

Filed Jan. 22, 1982.

Robert Donatoni, Assistant Public Defender, West Chester, for appellant.

Joseph W. Carroll, III, Assistant District Attorney, West Chester, for Commonwealth, appellee.

Before SPAETH, POPOVICH and MONTGOMERY, JJ.

MONTGOMERY, Judge:

This appeal arises from the denial of appellant's Petition to Reduce and Remit Costs of Prosecution assessed following conviction on charges of burglary, recklessly endangering another person, and terroristic threats.

According to the facts as stipulated to by the parties, the appellant, James Cutillo, was hospitalized on March 4, 1977, with gunshot wounds received during his commission of several criminal offenses. An attempt was made to place the appellant in a secure hospital, but that hospital refused to admit him. The Pennsylvania State Police then contacted the Chester County District Attorney's office for instruc-

tions, as neither they nor the Chester County detectives had the manpower to guard the appellant at the time.

An Assistant District Attorney determined that the appellant should be guarded during his hospitalization. This decision was based on the fact that the appellant faced serious charges, was not yet under arrest, and had a prior criminal record. In addition, it was not clear as to whether the appellant would or could leave the hospital as the extent of his injuries were not then known. As a result, arrangements were made with a constable service to provide guards for appellant. These individuals guarded the appellant from March 5, 1977 through March 17, 1977. Bills for their services were submitted to the Chester County Controller's Office, and payment was authorized. The appellant was arrested at the hospital on March 7, 1977, and was subsequently convicted. Appellant was sentenced and ordered to pay the costs of prosecution, including the expenses incurred in guarding him during his hospitalization.

Appellant contends that he was improperly charged with the costs of guards during his hospitalization. We disagree.

This case is governed by Section 64 of the Act of March 31, 1860, P.L. 427 [1] which provides, inter alia, ". . . in all cases of conviction of any crime, all costs shall be paid by the party convicted." Part of the costs taxable against a convicted defendant are all necessary expenses incurred by the District Attorney in the investigation of crime and the apprehension and prosecution of persons charged with or suspected of the commission of crime. Act of August 9, 1955, P.L. 323, § 1403, 16 P.S. § 1403.

Thus, we are asked to resolve the question of whether the costs incurred in guarding appellant during his hospitalization were necessary for the appellant's prosecution on the crimes of which he was convicted.

1. 19 P.S. § 1223. This section has been repealed and replaced by the Act of July 9, 1976, P.L. 586, No. 142, § 2, eff. June 27, 1978, 42 Pa.C.S.A. § 1726. This section is applicable as appellant's convictions occurred in 1977.

Appellant directs our attention to a 1934 decision, *Commonwealth v. Baughman*, 23 Pa.D & C 364 (1934), in which the facts are largely indistinguishable from the case at bar. In *Baughman*, the court ruled that expenses incurred in guarding a defendant who is hospitalized cannot be taxed against the defendant as costs of his prosecution. The court in *Baughman* reached this conclusion as a result of a very narrow interpretation of the Act of June 29, 1923, P.L. 973, § 1 from which the Act of August 9, 1955 was derived. The decision reasoned that the term "costs" included only items connected with the actual presentation of testimony before a justice of the peace and before the court, as well as the fees of certain officers. *Commonwealth v. Baughman*, supra. at 368.

We agree with the well reasoned opinion of the trial judge that *Baughman* does not represent the current status of the law on the particular issue here involved. Since *Baughman*, the courts in our Commonwealth have adopted a more expansive view of the costs taxable against a convicted defendant. The Supreme Court in *Commonwealth v. Davy*, 456 Pa. 88, 317 A.2d 48 (1974), held that the cost of extraditing a defendant from Texas to Pennsylvania in order to obtain his presence at his revocation of probation hearing was properly assessed against the defendant. A lower court decision relying on *Davy*, supra, held that the monies expended by a drug enforcement officer in the purchase of marijuana were recoverable as costs of prosecution, *Commonwealth v. Reese*, 2 Pa.D & C 3d 396 (1977). Lastly, the Supreme Court, relying upon 16 P.S. § 1403 and 19 P.S. § 1223, held that a defendant was properly assessed the costs accruing from a change in venue. *Commonwealth v. Coder*, 490 Pa. 194, 415 A.2d 406 (1980), reversing *Commonwealth v. Coder*, 252 Pa.Super. 508, 382 A.2d 131 (1977).

In light of the recent case law, we cannot agree with the appellant's assertion that he is not taxable for the expenses incurred in guarding him during his hospitalization. We find that the money expended was necessary for the prosecution of the crimes for which he was charged.

Considering the circumstances, the Assistant District Attorney was justified in determining that guards were necessary in order to eliminate any possibility that the appellant might try to leave the hospital and attempt to avoid prosecution.

We are not, however, giving leave to the lower courts to assess any and all possible costs against a convicted defendant. In determining the taxability of specific costs of prosecution, the trial courts must carefully examine each case *in toto*. Assessible costs are those which are necessary for prosecution when considered in light of the peculiar facts and circumstances of each case as done herein on review. Those costs which fall within the ambit of usual services provided may not be taxed against a convicted defendant absent extraordinary circumstances. Of course, costs which have traditionally been assessed subsequent to conviction remain untouched by our decision in the instant case.

Order affirmed.