657 A.2d 1296

**COMMONWEALTH of Pennsylvania**

v.

**David CIPTAK, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 6, 1995.

Filed May 5, 1995.

Shelley Stark, Public Defender, Pittsburgh, for appellant.

Michael Streily, Asst. Dist. Atty., Pittsburgh, for Com.

Before CAVANAUGH, McEWEN and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from judgment of sentence entered May 19, 1994 for retail theft.[1] Appellant David Ciptak presents the following issue for our review:

1.   Did the trial court err in imposing the costs of prosecution on appellant without first determining [the] amount and method of payment as well as appellant's ability to pay and was trial counsel ineffective for [failing] to object or preserve the issue for appeal.

1.   18 Pa.C.S. § 3929(a)(1).

536

Appellant's Brief at 3. For the reasons set forth below, we affirm.

On March 25, 1994, following trial by jury, appellant was convicted of one count of retail theft. The conviction resulted from allegations that on February 24, 1993, appellant absconded from Kaufmann's store, in Pittsburgh, PA, with cookware valued at $299.99. Appellant was sentenced to twenty (20) to forty (40) months imprisonment and required to pay the costs of prosecution. No post-sentencing motions were filed. On June 3, 1994, appellant filed notice of appeal to this court.

Appellant contends that trial counsel was ineffective for failing to object to the trial court's imposition of the costs of prosecution on appellant, following his conviction.

A defendant who has been convicted of a crime, is liable for the costs of prosecution, as authorized by statute. *Commonwealth v. Coder,* 490 Pa. 194, 415 A.2d 406 (1980) (citing *Commonwealth v. Coder,* 252 Pa.Super. 508, 519, 382 A.2d 131, 137 (1977) (CERCONE, J. dissenting)); *Commonwealth v. Bollinger,* 274 Pa.Super. 112, 418 A.2d 320 (1979). *See generally* 9 Pa.Law Encyclopedia § 92. The defendant's liability for costs is not part of the punishment for the offense, and it is not a sentence to pay something additional to any penalty imposed by law. *Commonwealth v. Bollinger,* 274 Pa.Super. 112, 418 A.2d 320 (1979). *See also* 9 Pa.Law Encyclopedia § 92. Instead, the costs of prosecution are incident to judgment. *Bollinger,* 274 Pa.Super. 112, 418 A.2d 320. *See generally* 9 Pa.Law Encyclopedia § 92. As appellant was convicted of retail theft, the court properly imposed the cost of prosecution.

Appellant, however, directs this court to Pa.R.Crim.P. 1407(c) which provides:

> The court, in determining the amount and method of payment of a fine or costs shall, insofar as is just and practicable, consider the burden upon the defendant by reason of his financial means, including his ability to make restitution or reparations.

Pa.R.Crim.P. 1407(c). Appellant further argues that Pa. R.Crim.P. 1407(c) required the trial court to conduct a hearing to determine the total cost of prosecution, appellant's ability to pay and the method of payment, prior to imposing costs.

In *Commonwealth v. Hightower*, we stated that the rules of statutory construction may be applied to interpret the rules of criminal procedure. *Commonwealth v. Hightower*, 438 Pa.Super. 400, 652 A.2d 873 (1995) (citing Pa.R.Crim.P. 2). It is well accepted that sections of a statute must be read together and construed with reference to the entire statute. *Wilson v. Central Penn. Indus. Inc.*, 306 Pa.Super. 146, 452 A.2d 257 (1982). Further, in determining legislative intent, every word, sentence and provision of a statute must be presumed to have been intended for some purpose. *Commonwealth v. Lobiondo*, 501 Pa. 599, 462 A.2d 662 (1983). Both the language of a statute and its construction must be interpreted to harmonize both the subject matter and its purpose. *See Busy Beaver Bldg. Centers, Inc. v. Tueche*, 295 Pa.Super. 504, 442 A.2d 252 (1981); *Dear v. Holly Jon Equipment Co.*, 283 Pa.Super. 74, 423 A.2d 721 (1980). "A construction which fails to give effect to all provisions of a statute or which achieves a result which is absurd or unreasonable must be avoided." *Wilson*, 306 Pa.Super. 146, 452 A.2d 257. Moreover, in construing a statute, a court may consider any official comments which were published or otherwise generally available for consideration by the General Assembly prior to its construction of the statute. *Commonwealth v. French*, 531 Pa. 42, 611 A.2d 175 (1992); *Lessner v. Rubinson*, 527 Pa. 393, 592 A.2d 678 (1991).

Here, the rules of statutory construction indicate that Pa. R.Crim.P. 1407 deals in its entirety with a defendant's default from payment of a fine or the costs of prosecution. Rule 1407(a) of the Pennsylvania Rules of Criminal Procedure, precludes a court from imprisoning a defendant for failure to pay a fine or costs unless, following a hearing, the court determines that the defendant is capable of paying the sums due. In part (b), the statute goes on to outline the forms of relief that the court may provide where it determines that the defendant lacks the financial means to pay the sums due,

immediately or in a single remittance. The final provision of the statute, part (d), outlines the steps to be taken after the court has granted the defendant relief in the form of an installment payment plan if the defendant finds himself again in default or believes that default is imminent.

As the provisions of the statute which precede and follow Pa.R.Crim.P. 1407(c) set forth procedure regarding default on payment of costs or fines, we can only conclude that Pa. R.Crim.P. 1407(c) addresses the standard which the court must use in reviewing the defendant's default. *But see Commonwealth v. Mead,* 300 Pa.Super. 510, 446 A.2d 971 (1982) (citing 42 Pa.C.S. § 9726(d) and Pa.R.Crim.P. 1407(c) for the proposition that in imposing a fine, the sentencing court must consider the financial resources of the defendant and the burden posed); *Commonwealth v. Opara,* 240 Pa.Super. 511, 362 A.2d 305 (1976) (relying on *Commonwealth v. Martin,* 233 Pa.Super. 231, 335 A.2d 424 (1975) and citing Pa.R.Crim.P. 1407(c) for proposition that sentencing court must consider defendant's financial means in imposing fine); *Commonwealth v. Martin,* 233 Pa.Super. 231, 234, 335 A.2d 424, 425 (1975) (citing Pa.R.Crim.P. 1407(c), instead of 42 Pa.C.S. § 9726, for the proposition that court erred in sentencing indigent defendant to pay fine of $5000.00). Moreover, as we stated above, the costs of prosecution are not a sentence imposed upon a defendant but a liability derived upon conviction. *Coder,* 490 Pa. 194, 415 A.2d 406. The comment to Pa.R.Crim.P. 1407 provides "[n]othing in this Rule is intended to abridge any rights the Commonwealth may have in a civil proceeding to collect a fine or costs." Pa.R.Crim.P. 1407 cmt. *See generally* 24 C.J.S. § 1743 ("An indigent accused may remain liable for the costs of prosecution even though payment of costs is postponed"). *See also French,* 531 Pa. 42, 611 A.2d 175; *Rubinson,* 527 Pa. 393, 592 A.2d 678. It necessarily follows that as a quantifiable sum and an absolute liability, costs do not fall subject to the same discretionary valuation afforded the trial court in imposing fines and other sentencing alterna-

tives.[2] Accordingly, as the trial court has not violated any rules in imposing costs on appellant, we affirm judgment of sentence.

Affirmed.

CAVANAUGH and McEWEN, JJ., concur in the result.

**2.** We note that once the Commonwealth has furnished a bill of costs, the defendant may file exceptions to the bill on grounds that it is incorrect or that the costs are unduly burdensome to the defendant. *See, e.g., Coder,* 490 Pa. 194, 415 A.2d 406. *See also* 24 C.J.S. § 1741 ("In accordance with applicable statutes, costs and fees become due upon assessment, and a court may order accused to pay costs either at the time of his first appearance in court or when the suit establishes the reimbursable amount.").