J-S43034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| MICHAEL BURROWS | |
| Appellee | No. 88 WDA 2017 |

Appeal from the Judgment of Sentence December 16, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No: CP-25-CR-0001414-2014

BEFORE:  STABILE, SOLANO, and FITZGERALD, [*] JJ.

DISSENTING MEMORANDUM BY STABILE, J.:        FILED: October 31, 2017

I dissent from the learned Majority because Pa.R.Crim.P. 706 is inapplicable at sentencing.  The trial court relied on Rule 706 at sentencing to justify its failure to comply with the requirements 16 P.S. § 1403 (relating to costs of prosecution) and 42 Pa.C.S.A. § 1725.3 (relating to criminal laboratory fees).  I would vacate the judgment of sentence and remand for a new sentence.

Following Appellee's plea of guilty but mentally ill to one count of murder of the third degree, the trial the trial court sentenced Appellee to a term of incarceration of 12-25 years.  At sentencing, the Commonwealth provided the trial court with the costs of prosecution ($9,891.70), which

_____

[*] Former Justice specially assigned to the Superior Court.

included the criminal laboratory fee ($7,145.00); however, the trial court only imposed $2,500 in costs to Appellee. In doing so, the trial court explained

> I'll impose all those [costs and fees] at 1414 of 2014. But I'm also going to find that the imposition of these fines, though I've [ordered] them, would violate—the collection of them would violate the Constitution. [Appellee] has an IQ of 65. He will never—if outside of prison—make enough of a living to pay those sums to the Commonwealth. And it's wrong to impose these costs without concluding that [Appellee] actually has any real possibility of paying them. They would just languish over his head forever and prevent a fresh start.
>
> So, I've imposed them, but I'm also finding the collection of them would violate the Constitution given what I perceive his earning capacity and power is in the current world, it's just not going to happen.
>
> No I'm going to do something different, I'm going to limit them to $2,500 in terms of collection. I want to impose something on him, but I don't want to basically bury him under a litany of fees so that when he's out, these will—he's going to have enough issues on his plate.

N.T. Sentencing Hearing, 12/16/16, at 22-23.

As the Majority correctly notes "[t]he determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." ***Commonwealth v. Garzone***, 993 A.2d 306, 316 (Pa. Super. 2010) (citation and quotation marks omitted). The Majority quotes the relevant statutes; however, it fails to apply them in a literal manner. Section 1403 provides that

> All necessary expenses incurred by the district attorney or his assistance or any office directed by him in the investigation of crime and the apprehension and prosecution of persons charged with or suspected of the commission of crime, upon approval

thereof by the district attorney and the court, **shall be paid** by the county from the general funds of the county. In any case where a defendant is convicted and sentenced to pay the costs of prosecution and trial, the expenses of the district attorney in connection with such prosecution **shall be considered a part of the costs of the case and be paid by the defendant**.

16 P.S. § 1403 (emphasis added). Thus, as the statute uses "shall," rather than "may," the statute removes any discretion from the trial court in imposing the costs of prosecution.

Further, § 1725.3 provides for

**(a)** **Imposition.—**A person who . . . is convicted of a crime as defined in 18 Pa.C.S. § 106 (relating to classes of offenses) . . . **shall**, in addition to any fines, penalties or costs, **in every case** where laboratory services were required to prosecute the crime or violation, **be sentenced to pay a criminal laboratory** or paramedic user fee which shall include, but not be limited to, the cost of sending a laboratory technician or paramedic to court proceedings.

**(b)** **Amount of user fee.**—

(1) The director or similar officer of the county laboratory or emergency medical services agency that has provided services in the prosecution **shall determine the actual cost** of the laboratory or paramedic services provided in the prosecution and transmit a statement for services rendered to the court.

**(2)** If a Pennsylvania State Police laboratory has provided services in the prosecution, the director or similar officer of the Pennsylvania State Police laboratory **shall determine the actual cost** of the laboratory services provided in the prosecution and transmit a statement for services rendered to the court.

\* \* \*

- 3 -

> **(d) Other laws.**—The criminal laboratory and paramedic user fee **shall be imposed** notwithstanding any other provision of the law to the contrary.

18 Pa.C.S.A. § 1725.3. Thus, as with § 1403, the statute provides that the trial court shall impose the actual costs of the fees rather than deferring to the discretion of the trial court. As the Majority correctly notes, the language in these statutes is mandatory. Thus, the only question is whether Rule 706 gives the trial court discretion in imposing these fees.

The Majority relies on Pa.R.Crim.P. 706, which provides, in relevant part,

(A) A court shall not commit the defendant to prison for failure to pay a fine or costs.

(B) When the court determines, after hearing, that the defendant is without the financial means to pay the fine or costs immediately or in a single remittance, the court may provide for the payment of the fines or costs in such installments and over such period of time as it deems to be just and practicable, taking into account the financial resources of the defendant and the nature of the burden its payments will impose as set forth in paragraph (D) below.

(C) The court, in determining the amount and method of payment of a fine or costs shall, insofar as just and practicable, consider the burden upon the defendant by reason of the defendant's financial means, including the defendant's ability to make restitution or reparations.

Pa. R. Crim. P. 706. However, Rule 706 provides only procedural safeguards to "ensure that an indigent defendant will be afforded an opportunity to prove his financial inability to pay the costs of prosecution before being committed to prison." ***Commonwealth v. Hernandez***, 917 A.2d 323, 326

(Pa. Super. 2007). In **Commonwealth v. Childs**, 63 A.3d 323, 326-27 (Pa. Super. 2013), this Court found that the trial court was not required to have a hearing at the time of sentencing on an appellant's ability to pay costs of prosecution pursuant to Rule 706 because the trial court can hold the hearing when the appellant fails to make payment. **Childs**, 63 A.3d at 326. Furthermore, this Court previously held that Rule 706(C) does not apply at sentencing. **See Commonwealth v. Ciptak**, 657 A.2d 1296, 1298 (Pa. Super. 1995), *rev'd on other grounds,* 665 A.2d 1161 (Pa. 1995).[1] In **Ciptak**, this Court noted that the entirety of Rule 706[2] deals with a situation in which a defendant has defaulted from his payment of a fine or costs of prosecution; therefore, the Court found that Rule 706 does not apply at the time of sentencing. **Id.** at 1297-98.

The purpose of Rule 706 is to prevent incarceration for an inability to pay a fine, not for sentencing discretion. Therefore, I dissent because the trial court did not have the discretion to reduce the mandatory costs of

---

[1] Our Supreme Court reversed **Ciptak** on the grounds that defendant raised an ineffective assistance of trial counsel claim, however, trial counsel and appellate counsel were members of the same public defender's office. Thus, appellate counsel was essentially claiming its own ineffectiveness. **Ciptak**, 665 A.2d at 1162.

[2] In **Ciptak** the Court discusses Pa.R.Crim.P. 1407, which was renumbered to Rule 706 on March 1, 2000.

prosecution and laboratory fees as required by 16 P.S. 1403 and 42 Pa.C.S.A. § 1725.3.