J-S73024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DWAYNE M. MORNINGWAKE | : | |
| | : | |
| Appellant | : | No. 667 MDA 2019 |

Appeal from the Judgment of Sentence Entered October 6, 2017
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0001999-1988

BEFORE:  SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:              **FILED JUNE 02, 2020**

Dwayne M. Morningwake appeals from the judgment of sentence, entered in the Court of Common Pleas of York County, following his conviction for first-degree murder,[1] robbery,[2] burglary,[3] and conspiracy[4] to commit these three offenses.  Morningwake was originally sentenced on September 4, 1990, to a mandatory term of life imprisonment without parole for the murder, which

---

[1] 18 Pa.C.S. § 2502(a).

[2] 18 Pa.C.S. § 3701.

[3] 18 Pa.C.S. § 3502.

[4] 18 Pa.C.S. § 903.

he committed when he was fifteen-years-old.[5] On October 6, 2017, the court resentenced Morningwake to forty-six years to life imprisonment in light of intervening decisions rendered by the United States Supreme Court. **See Miller v. Alabama**, 567 U.S. 460 (2012) (holding that sentencing juvenile to life in prison without possibility of parole is unconstitutional); **see also Montgomery v. Louisiana**, 136 S. Ct. 718 (2016) (requiring state collateral review courts give retroactive effect to **Miller** rule).[6]

On appeal, Morningwake challenges the court's imposition of $12,235.35 of costs associated with his resentencing. Today we reaffirm the principle that "when further proceedings are not necessitated by the actions of the defendant and the defendant obtains relief as a result of those proceedings, the Commonwealth should bear the risk of paying the additional [resentencing] costs." **Commonwealth v. Lehman**, 201 A.3d 1279, 1287 (Pa. Super. 2019), *appeal granted*, 215 A.3d 967 (Pa., June 25, 2019) (Table).

---

[5] The court also imposed consecutive terms of imprisonment of eight to sixteen years and one to two years for the robbery and burglary convictions, respectively.

[6] In **Commonwealth v. Secreti**, 134 A.3d 77 (Pa. Super. 2016), our Court held that **Montgomery** made **Miller** retroactive for the purposes of reviewing illegal sentences where a juvenile has been subjected to a mandatory life sentence. Moreover, **Secreti** held that the January 27, 2016, **Montgomery** decision would control for purposes of the then-60-day rule in section 9545(b)(2) of the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.

Accordingly, we affirm in part, vacate in part, and remand for further proceedings consistent with this decision.

On June 18, 1988, Morningwake, fifteen years old at the time, and two other co-conspirators,[7] participated in stabbing Kwame Beatty to death with a butcher knife while he slept. Beatty was Morningwake's counselor at the York Children's Home (Home), where he resided. Following trial, a jury convicted Morningwake of the above-stated offenses on April 14, 1989. On September 4, 1990, the court sentenced Morningwake to a mandatory term of life imprisonment without parole as a juvenile.

Morningwake timely filed post-sentence motions, which the trial court denied. Morningwake then filed a direct appeal. Our Court affirmed his judgment of sentence on appeal. *Commonwealth v. Morningwake*, 595 A.2d 158 (Pa. Super. 1991). On November 25, 1991, the Supreme Court of Pennsylvania denied Morningwake's petition for allowance of appeal. *Commonwealth v. Morningwake*, 600 A.2d 535 (Pa. 1991). In May of 2005, Morningwake filed his first PCRA petition, which was denied as

---

[7] A fourth individual, Michael A. Lehman, broke the security system on the window to the Home and remained on the second floor of the Home with a steak knife to kill any boys that woke up while the other three co-defendants brutally stabbed Beatty to death. After the stabbing "Lehman came downstairs and he, Morningwake, and [another co-defendant] gathered food, cigarettes, money[,] and the victim's car keys and wallet[,] took the victim's car, drove toward Lancaster, and finally ended up in Harrisburg where they disposed of the car, the knives, and other items of evidence." *Lehman* Trial Court Opinion, 5/28/91, at 3.

untimely.[8]  On collateral appeal, our Court affirmed the PCRA court's order denying him relief.  ***Commonwealth v. Morningwake***, No. 1209 MDA 2006 (Pa. Super. filed Nov. 13, 2007) (unpublished memorandum).  Morningwake filed a second untimely petition in June 2010, which the PCRA court denied. On collateral appeal, our Court affirmed the trial court.  ***Commonwealth v. Morningwake***, No. 2120 MDA 2013 (Pa. Super. filed August 25, 2014) (unpublished memorandum).

On March 8, 2016, Morningwake filed another PCRA petition, his third, alleging that his mandatory sentence of life imprisonment is unconstitutional under ***Miller*** and ***Montgomery*** and that he is "entitled to a new sentencing hearing with limited discovery in order to present evidence of his character." PCRA Petition, 3/8/16, at ¶11.  On March 17, 2016, the court ordered a hearing on Morningwake's petition.  At the hearing on September 11, 2017, the court scheduled resentencing for October 6, 2017.

---

[8] In his petition, Morningwake argued that the after-recognized constitutional right exception, espoused in section 9545(b)(1)(iii) of the PCRA, applied to his untimely petition based on the United States Supreme Court case, ***Roper v. Simmons***, 543 U.S. 551 (2005), which held that the death penalty is disproportionate punishment under the Eighth and Fourteenth Amendments to the United States Constitution for offenders under the age of eighteen.  The PCRA court properly found that this exception not applicable to Morningwake's untimely petition.  ***See Commonwealth v. Wilson***, 911 A.2d 942, 946 (Pa. Super. 2006) (***Roper*** decision bars only imposition of death penalty in cases involving juvenile offenders; it does not affect imposition of life imprisonment without parole on juveniles).

At the resentencing hearing, both Morningwake and the Commonwealth presented expert reports on Morningwake's current mental state.[9] The sentencing court resentenced Morningwake to forty-six years to life imprisonment for first-degree murder and left undisturbed his previous sentences on the remaining offenses. The sentencing court imposed court costs on Morningwake, totaling $12,235.35, which included the cost of the Commonwealth's expert witness. On October 16, 2017, Morningwake filed a motion for post-sentence relief averring that the trial court's sentence was excessive. On November 27, 2017, the court denied Morningwake's motion.

Morningwake timely filed a notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On December 31, 2018, our Court dismissed Morningwake's appeal due to counsel's failure to file an appellate brief. *See* Order, 12/31/18. On February 5, 2019, Morningwake filed a PCRA petition alleging counsel's ineffectiveness; the PCRA court ultimately reinstated Morningwake's direct appeal rights, *nunc pro tunc*, on March 25, 2019. Morningwake timely filed a notice of appeal and court-ordered Rule 1925(b) statement. On appeal, Morningwake presents the following issue for our review: "Whether the trial court imposed an illegal sentence by ordering the appellant to pay the costs associated with the resentencing?" Appellant's Brief, at 8.

_____

[9] The resentencing hearing was the first time Morningwake's mental state was at issue and the first time any expert witness testified as to that issue.

- 5 -

Morningwake contends that the sentencing court improperly imposed the "court costs associated with [his] resentencing." Appellant's Brief, at 8. Specifically, Morningwake argues that the sentencing court lacked the authority to impose the "costs of prosecution" because he took no action that necessitated the costs and imposing the costs punished him for exercising his constitutional rights. *Id.* at 8-9.

Whether a trial court has the authority to impose a given sentence is a challenge to the legality of the sentence. *Commonwealth v. Robinson*, 7 A.3d 868, 870 (Pa. Super. 2010). The legality of the sentence is a question of law and our standard of review is plenary. *Commonwealth v. Garzone*, 993 A.2d 306, 316 (Pa. Super. 2010) (citation and quotation marks omitted).

Sentencing courts have the authority to impose the "costs of prosecution" on a defendant under 16 P.S. § 1403 or the common law.[10] *Commonwealth v. Lehman*, 201 A.3d at 1283-84.[11] Section 1403 states, in relevant part:

_____

[10] As our Court determined in *Lehman*, the difference between section 1403 and the common law is immaterial in this case. *Lehman*, 201 A.3d at 1283.

[11] After our Court's decision in *Lehman*, the Commonwealth filed a "Petition for Allocatur" with the Supreme Court claiming that since expert testimony was necessary for Lehman's resentencing, the Commonwealth should not have to bear the cost of the expert witness. *See* Petition for Allocatur, 2/4/19, at 15. Specifically, the Commonwealth argued that its expert testimony was necessary because Lehman employed his own expert witness and the Commonwealth needed an expert witness to create an appropriate sentencing recommendation. *Id.* at 14. The Pennsylvania Supreme Court granted

> In any case where a defendant is convicted and sentenced to pay the costs of prosecution and trial, the expenses of the district attorney in connection with such prosecution shall be considered a part of the costs of the case and be paid by the defendant.

*Id.* The purpose of section 1403 is to recoup the costs of trial by imposing the necessary "costs of prosecution" on the defendant. ***Commonwealth v. Davis***, 207 A.3d 341, 346 (Pa. Super. 2019), ***appeal granted***, 215 A.3d 968, (Pa. 2019) (citing ***Commonwealth v. Coder***, 415 A.2d 406, 408 (Pa. 1980)) (allowance of appeal granted on whether costs relating to sentencing and resentencing costs are considered "costs of the prosecution" under 16 P.S. § 1403). Any cost imposed must be deemed necessary for the prosecution, after considering the peculiar facts and circumstances of the case. ***Commonwealth v. Garzone***, 993 A.2d 1245, 1258 (Pa. Super. 2010), *aff'd*, 34 A.3d 67 (Pa. 2012) (citing ***Commonwealth v. Cutillo***, 440 A.2d 607 (Pa. Super. 1982)).

In ***Lehman***, our Court recently held that "when further proceedings are not necessitated by the actions of the defendant and the defendant obtains relief as a result of those proceedings, the Commonwealth should bear the risk of paying the additional costs." ***Lehman***, 201 A.3d at 1287. The

---

allowance of appeal to consider: "Whether the Pennsylvania Superior Court erred as a matter of law by holding that the costs relating to contested expert testimony in a contested resentencing do not constitute costs of prosecution under 16 P.S. §1403,[ ] and are ineligible for imposition upon a defendant reimbursement as part of a sentence as a matter of law rather than the sentencing court's discretion." ***Lehman***, 215 A.3d 967 (Pa. filed June 25, 2019).

defendant in **Lehman**, one of Morningwake's co-defendants, **see supra** at n.3, was convicted of first-degree murder and related offenses and sentenced to life imprisonment without parole as a juvenile. **Id.** at 1280. Lehman was also resentenced following the vacatur of his life-without-parole sentence, based on **Miller** and **Montgomery. Id.** at 1282. At Lehman's resentencing hearing, the Commonwealth and Lehman each employed expert witnesses to provide testimony on Lehman's mental state and amenability to treatment. **Id.** at 1281 n.1. The trial court ultimately sentenced Lehman to an aggregate term of 30 years to life imprisonment and also ordered him to pay the costs of the resentencing, including the cost of expert witnesses. **Id.** at 1287.

On appeal, we reversed the imposition of resentencing costs on Lehman, concluding that the trial court lacked the authority to order him to pay the costs associated with the resentencing "necessitated by evolution of constitutional law." **Id.** The court imposed resentencing costs on the Commonwealth because it was primarily responsible for the cost, the cost was not foreseeable, and because imposing the cost of the resentencing on the defendant would punish him for exercising his constitutional rights. **Id.**

When the Commonwealth is "primarily responsible for the conditions which necessitate" a cost, the Commonwealth should bear that cost. **Coder**, **supra** at 409 n.4. The Commonwealth is primarily responsible if, "but for" the Commonwealth's actions, the cost would not have been necessary. **Commonwealth v. Weaver**, 76 A.3d 562, 574 (Pa. Super. 2013). In

*Weaver*, the defendant was convicted of driving under the influence; however, the laboratory technician testified at trial about drugs found in the defendant's blood after driving that were not listed in the criminal information. *Id.* at 573. The defendant objected, the court declared a mistrial and the Commonwealth was granted leave to amend the criminal information. At the retrial, the trial court imposed the costs associated with a different laboratory employee's testimony on the Commonwealth. *Id.* "But for" the Commonwealth's mistake, the costs would not have been necessary. *Id.* Specifically, the *Weaver* Court held that "[a] defendant should not be assessed costs that would not have been incurred had the Commonwealth properly performed its prosecutorial duties." *Id.* at 574.

In *Lehman*, the Commonwealth similarly committed an error, albeit by enforcing an illegal statute, when the defendant was sentenced to life without parole as a juvenile. *Lehman*, *supra* at 1287. The resentencing was primarily caused by the Commonwealth because "but for" the Commonwealth enforcing an illegal statue, the resentencing would not have been necessary. *Id.* In *Lehman*, our Court refused to differentiate between the actions of the prosecution in *Weaver* and the actions of the Commonwealth in enforcing an illegal statute. *Id.*

Moreover to impose a cost on to a defendant, the cost should be not only necessary, but also reasonably foreseeable. *Id.* Imposing an unforeseeable cost on to the defendant is arbitrary, capricious and

- 9 -

unreasonable. *Coder*, *supra* at 409. In *Coder*, the court imposed costs from a change in venue upon the defendant because that cost was a foreseeable result of the defendant's crime*. Id.* The *Coder* Court concluded that the change in venue was necessary because the defendant's crime stirred wide community interest and the public nature of his crimes made finding an impartial jury difficult. *Id.* The defendant was primarily responsible for the cost because the defendant should have foreseen the difficulty of finding an impartial jury given the effect his criminal actions had on the community. *Id.*

In *Lehman*, the defendant was exercising his right to a constitutional sentence under the Eighth Amendment of the United States Constitution. *Lehman*, *supra* at 1286. There, we held that if the court imposed the costs associated with the resentencing on to the defendant, the court would be punishing the defendant for exercising his constitutional rights. *Id.*; *see also Commonwealth v. Speight,* 854 A.2d 450, 455 (Pa. 2004); *United States v. Goodwin*, 457 U.S. 368, 372, (1982) (defendant may not be punished for exercising his constitutional rights). *Id.* Even though the defendant elected to vindicate his constitutional right by filing a PCRA petition, the need for the resentencing was caused by the Commonwealth when it enforced an illegal statute, and thus the Commonwealth is not entitled to reimbursement. *Id.*

The facts in *Lehman* are identical to the facts in the instant case. Both defendants, who were juveniles at the time they committed their crimes in 1988, were sentenced to mandatory terms of life imprisonment without the

possibility of parole. Both defendants were entitled to resentencing after their sentences were declared unconstitutional by the United States Supreme Court rulings in **Miller** and **Montgomery**. The Commonwealth and the defendants each used expert witnesses at the resentencing proceedings. Both trial courts initially imposed the "costs of prosecution," including the cost of the Commonwealth's expert witness, on to the defendants.

Here, as in **Lehman**, the cost of the resentencing should not be imposed upon Morningwake because the resentencing was necessitated by a change in law after his conviction and sentencing. **Lehman**, 201 A.3d at 1287. When the Commonwealth is "primarily responsible for the conditions which necessitate" the cost, the Commonwealth should bear the cost. **Coder**, 415 A.2d at 409 n.4. Morningwake was in no way responsible for any action that necessitated his resentencing. Like **Lehman**, Morningwake could not have foreseen the need to be resentenced twenty-six years after his initial sentencing.

Furthermore, the costs of resentencing should not be imposed upon Morningwake because to do so would punish him for exercising his constitutional rights under the Eighth Amendment of the United States Constitution. As established in **Lehman**, if this Court were to impose the costs of resentencing on to Morningwake, we would be impermissibly punishing him for exercising his constitutional rights. **Lehman**, 201 A.3d at 1286. Thus, we

hold that the trial court lacked the authority to order Morningwake to pay the costs associated with his resentencing.

Judgment of sentence affirmed in part and vacated in part. Case remanded for proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/2/2020