J-S46008-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JARMAR DOUGLAS PIERCE, III | : | |
| | : | |
| Appellant | : | No. 746 WDA 2023 |

Appeal from the Judgment of Sentence Entered May 25, 2023
In the Court of Common Pleas of McKean County Criminal Division at
No(s):  CP-42-CR-0000480-2022

BEFORE:  DUBOW, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.:                    **FILED: JULY 11, 2024**

Appellant, Jarmar Douglas Pierce, III, appeals from the May 25, 2023 judgment of sentence entered in the Court of Common Pleas of McKean County following his conviction for Driving Under the Influence ("DUI"). Appellant challenges the amount of expert witness fees and mileage reimbursement imposed as costs of prosecution.  After careful review, we vacate the portion of the sentencing order requiring Appellant to pay expert witness fees and remand for the entry of a corrected sentencing order in which the cost imposed for mileage reimbursement is calculated according to the rate set forth in 42 Pa.C.S. § 5903(c).

**A.**

We glean the following factual and procedural history from the trial court opinion and the certified record.  During Appellant's one-day bench trial, Jolene Bierly, a forensic toxicologist employed by NMS Labs, testified for the

Commonwealth about the testing and results of Appellant's blood sample taken after his arrest. The parties stipulated that she was "qualified." N.T. Trial, 3/15/23, at 27. The court found Appellant guilty of three counts of DUI and one count of Vehicular Hazard Signal Lamps.[1]

Prior to sentencing, the Commonwealth filed a Bill of Costs requesting that the court impose a $5,171.03 fee for Ms. Bierly's testimony which included, *inter alia*, mileage reimbursement and 16.5 hours of "expert testimony." Bill of Costs, filed 4/12/23, at 1. Appellant objected, and the court ordered the parties to brief the issue. In his brief submitted to the trial court on April 20, 2023, Appellant specifically challenged the mileage reimbursement rate submitted by the Commonwealth and asserted that the record did not support that Ms. Bierly provided 16.5 hours of expert testimony. Appellant's Letter Br., 4/20/23, at 1-2 (unpaginated). In an Order and Opinion dated April 27, 2023, the court directed Appellant to pay $5,171.03.

However, on May 24, 2023, the day before sentencing, the Commonwealth filed an Amended Bill of Costs requesting $4,897.96, detailed as follows: $400.86 for mileage reimbursement (612 miles at $0.655/mile), $4,464.00 for a total of 16.5 hours[2] of "expert testimony" provided on March 14 and 15, 2023 at the rate of $279.00/hour, $11.00 for tolls, and $22.10 for

---

[1] 75 Pa.C.S. §§ 3802(d)(1)(i), 3802(d)(1)(iii), 3802(d)(2), and 4305(a), respectively.

[2] Although the Bills of Cost list 16.5 hours of expert testimony, $4,464.00 reflects that Appellant was charged for 16 hours, not 16.5 hours. **See** Bill of Costs, filed 4/12/23, at 1; Amended Bill of Costs, filed 5/24/23, at 1.

meals. At the sentencing hearing, the court ordered Appellant to pay costs in the amount of $4,897.96. Appellant again objected.

Appellant filed a timely Notice of Appeal. He complied with the court's order to file a Pa.R.A.P. 1925(b) Statement. The trial court filed a response pursuant to Pa.R.A.P. 1925(a) directing this Court to its April 27, 2023 Order and Opinion for its discussion of expert witness fees, but neither the response nor the Order and Opinion addressed the claim raised in Appellant's Rule 1925(b) Statement, *i.e.* the calculation of the amount of expert fees. **See** Tr. Ct. Op., 8/8/23, at 2. Accordingly, we remanded for the trial court to submit a supplemental Rule 1925(a) opinion. We have received the trial court's supplemental opinion, and this matter is now ripe for decision.

**B.**

Appellant raises the following issue for our review:

> Did the trial Court abuse its discretion when imposing expert witness fees in the amount of $4,897.96, over Appellant's objection, in the sentencing Order dated May 25, 2023 and docketed on May 30, 2023?

Appellant's Br. at 4.[3]

**C.**

Appellant asserts that court abused its discretion because the amounts of the fees it imposed for Ms. Bierley's mileage and expert testimony were not

---

[3] Appellant also challenged the sufficiency of the evidence in his Rule 1925(b) statement but states that "further argument related to this question is intentionally omitted and/or waived." Appellant's Br. at 6.

supported by the record. This claim challenges the discretionary aspects of his sentence.

Challenges to the discretionary aspects of sentence are not appealable as of right. *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question "that the sentence appealed from is not appropriate under the Sentencing Code." *Leatherby*, 116 A.3d at 83 (citation omitted).

Here, Appellant preserved the issue at sentencing and timely appealed. Although Appellant failed to include a Rule 2119(f) Statement in his brief, the Commonwealth did not object to its omission, and, thus, we may review his claim. *See Commonwealth v. Archer*, 722 A.2d 203, 211 (Pa. Super. 1998) (*en banc*) ("If an appellant fails to comply with R.A.P. 2119(f) and appellee fails to object, this Court may review appellant's claims with regard to the discretionary aspects of sentence."). Finally, we conclude that his claim—that the amount of costs imposed is not supported by the record—raises a substantial question. *See Commonwealth v. Pappas*, 845 A.2d 829, 842 (Pa. Super. 2004) (finding that a claim of insufficient evidence of value of the

relevant property supporting an order of restitution presented a substantial question).  Thus, we will address the merits of Appellant's claim.

**D.**

Costs of prosecution attributable to the defendant "are those which are necessary for prosecution when considered in light of the peculiar facts and circumstances of each case[.]"  **Commonwealth v. Cutillo**, 440 A.2d 607, 609 (Pa. Super. 1982).  The Commonwealth must provide the defendant with "a reasonably specific bill of costs and show how the costs were necessary to the prosecution."  **Commonwealth v. Coder**, 415 A.2d 406, 410 (Pa. 1980). The Commonwealth bears the burden of justifying costs by a preponderance of the evidence.  **Commonwealth v. Williams**, 909 A.2d 419, 420–21 (Pa. Cmwlth. 2006).[4]

When a defendant is convicted and sentenced to pay the costs of prosecution, "the expenses of the district attorney in connection with such prosecution shall be considered a part of the costs of the case and be paid by the defendant."  16 P.S. § 1403.  Furthermore, any person convicted of, *inter alia*, a DUI under 75 Pa.C.S. § 3802 where laboratory services were required to prosecute the crime shall "be sentenced to pay a criminal laboratory [] user fee which shall include, but not be limited to, the cost of sending a laboratory technician [] to court proceedings."  42 Pa.C.S. § 1725.3(a).  To determine

---

[4] While decisions of the Commonwealth Court are not binding on this Court, we may follow its decisions if we find the rationale persuasive. **Commonwealth v. Thomas**, 814 A.2d 754, 758 n.2 (Pa. Super. 2002).

the amount of this fee, the director or officer of the laboratory that provided the services "shall determine the actual cost of the laboratory [] services provided in the prosecution and transmit a statement for services rendered to the court." *Id*. at § 1725.3(b)(1).

Finally, 42 Pa.C.S. § 5903 governs compensation and expenses for witnesses. It provides, in relevant part, that "[e]very witness [] shall be paid mileage at the rate of 7¢ for each mile circular actually and necessarily travelled between the place named in the subpoena and the place of residence of the witness." 42 Pa.C.S. § 5903(c).

*

Appellant first maintains that the record does not support that Ms. Bierley provided 16.5 hours of expert testimony, and thus, the trial court abused its discretion by imposing the fee for 16.5 hours of testimony at the rate of $279.00 per hour as a cost of prosecution. Appellant's Br. at 22.

In its supplemental opinion, the trial court conceded that the record did not support the imposition of expert witness fees for 16.5 hours of expert testimony because there was no evidence presented at sentencing to support that Ms. Bierley provided 16.5 hours of testimony or otherwise account for what she did during those hours.[5] Supplemental Rule 1925(a) Opinion,

---

[5] The trial court noted that Appellant did not challenge the imposition of the remaining costs—for Ms. Bierley's meals, tolls, and mileage—and maintains that this Court should affirm the imposition of those costs. Supplemental 1925(a) Opinion, 4/16/24, at 1.

- 6 -

4/16/24, at 2 ("Supplemental Opinion"). Accordingly, the trial court requested that this Court grant Appellant relief by reducing the costs to $433.96 to account only for Ms. Bierley's tolls, mileage, and meals.[6] *Id.*

We agree with the trial court. There is no evidence in the record, from either the Bill of Costs itself or from the sentencing hearings, to support the imposition of Ms. Bierley's expert witness fee for 16.5 hours of expert testimony. Appellant's trial began and ended on the same day, indicating that Ms. Bierley did not testify for 16.5 hours, and, as the trial court noted, it could only speculate why NMS Labs billed the Commonwealth for the rest of that time. *Id.*

Accordingly, the Commonwealth failed to provide Appellant with a "reasonably specific bill of costs" and ultimately failed to meet its burden to prove, by a preponderance of the evidence, that the "expert testimony" fee for 16.5 hours of Ms. Bierley's time was a necessary cost of prosecution. *Coder*, 415 A.2d at 410. The court, therefore, properly acknowledged that it abused its discretion in imposing this amount.

We, thus, vacate the portion of the sentencing order requiring Appellant to pay Ms. Bierley's expert witness fees in the amount of $4,464.00 as part of the costs of prosecution.

---

[6] The trial court arrived at this amount by adding $400.86 for mileage reimbursement (612 miles at $0.655/mile), $11.00 for tolls, and $22.10 for meals. Supplemental Opinion at 2.

\*

Appellant also asserts that the trial court abused its discretion in ordering him to pay Ms. Bierley's mileage reimbursement at a rate of $0.655 per mile, not $0.07 per mile as set forth in 42 Pa.C.S. § 5903(c). Appellant's Br. at 22-23.[7]

As Appellant notes, Section 5903(c) sets the amount for mileage reimbursement at $0.07 per mile. In its Order and Opinion, the trial court did not address Section 5903(c)'s applicability to the mileage reimbursement rate. Opinion and Order at 4 (unpaginated). Since neither the legislature nor the courts have changed the mileage reimbursement rate, we find that $0.07 is the appropriate mileage reimbursement rate and the trial court erred in using a higher reimbursement rate of $0.655. We, thus, vacate that portion of the costs ($400.86) and remand for the trial court to impose costs for mileage reimbursement calculated at the rate of $0.07 per mile as provided in Section 5903(c).

### E.

In sum, we vacate the portion of the sentencing order imposing costs in the amount of $4,464.00 for expert testimony fees and $400.86 for mileage.

---

[7] The trial court believed that Appellant waived this claim because he failed to object to the cost imposed for mileage at sentencing. Supplemental Opinion at 1. However, the record indicates that Appellant challenged the reimbursement rate for Ms. Bierly's mileage based on Section § 5903(c) both at the original sentencing hearing on April 13, 2023, and in his subsequent brief to the trial court. N.T. Sentencing, 4/13/23, at 2-3; Appellant's Letter Br. at 1 (unpaginated).

We remand for the entry of a corrected sentencing order that reflects the corrected amount imposed for mileage reimbursement pursuant to 42 Pa.C.S. § 5903(c). We affirm the remainder of the sentencing order, including the remaining costs imposed for Ms. Bierley's tolls and meals.

Judgment of sentence affirmed in part, vacated in part, and remanded for the entry of a corrected sentencing order. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 7/11/2024