J-S59039-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TAMIR TURNER | : | |
| | : | |
| Appellant | : | No. 969 EDA 2019 |

Appeal from the Judgment of Sentence Entered February 4, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0111471-2006,
CP-51-CR-1208142-2005

BEFORE:  LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                          **FILED MARCH 04, 2020**

Tamir Turner appeals from the judgment of sentence entered following a resentencing hearing pursuant to **Miller v. Alabama**, 567 U.S. 460 (2012). We affirm.

The PCRA court resentenced Turner pursuant to **Miller** for two convictions for first-degree murder. It imposed a sentence of 37 years' incarceration to life imprisonment on one conviction, and a concurrent term of 25 years' incarceration to life imprisonment on the other. This timely appeal followed. Although Turner had counsel during resentencing, he sought to represent himself on appeal. Following a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), the court allowed counsel to withdraw and Turner proceeded *pro se*.

Turner presents the following issue on appeal:

> I.      Was [Turner's] sentence, of 37 years to life and 25 years to life, under title 18 Pa.C.S.[A.] 1102(a) illegal, where; [a] the U.S. Supreme Court in **Miller v. Alabama** held that any mandatory sentencing scheme that requires a sentence to impose a sentence of life imprisonment without parole, when applied to a non-incorrigible juvenile offender, is unconstitutional, and where; [b] the sentencing court lacked statutory authorization under title 18 Pa.C.S.[A.] 1102(a) to impose a minimum sentence of less than life imprisonment without parole?

Turner's Br. at 1-2.

We review a claim of an illegal sentence *de novo* and our scope of review is plenary. **Commonwealth v. Lehman**, 201 A.3d 1279, 1282 (Pa.Super. 2019). "Where a sentence is found to be illegal, it must be vacated." **Commonwealth v. Lekka**, 210 A.3d 343, 355 (Pa.Super. 2019).

Turner maintains that the trial court "sentenced [Turner] – a non-incorrigible juvenile offender – under [18 Pa.C.S.A. §] 1102(a)" and "[b]ecause 1102(a) is unconstitutional when applied to non-incorrigible juvenile offenders, [Turner's] sentence [is] illegal and must be vacated." Turner's Br. at 8 (emphasis removed). He argues that Section 1102(a) "is a mandatory sentencing scheme that requires that everybody (including children under the age of 18) convicted of first degree murder must receive a minimum term of life imprisonment" and thus as applied to Turner is unconstitutional. *Id.* at 7. Turner's claim is meritless for two reasons and thus no relief is due.

First, Section 1102(a) does not apply to juveniles. Section 1102 of the Pennsylvania Crimes Code explicitly excepts juveniles from its application. Its

text includes the proviso it applies "[e]xcept as provided under section 1102.1 (relating to sentence of persons under the age of 18 for murder….)." 18 Pa.C.S.A. § 1102.[1]

Second, nothing in the certified record suggests that the court considered Section 1102(a) when devising Turner's sentence. Rather, in accordance with **Commonwealth v. Batts**, 163 A.3d 410, 439 (Pa. 2017) ("**Batts II**"), the court merely "look[ed] to § **1102.1** for guidance." Trial Court Opinion, filed 5/20/19, at 8 (emphasis added). In **Batts II**, our Supreme Court held that courts resentencing defendants pursuant to **Miller** should consider, as non-binding guidance, the provisions of Section 1102.1. **See Commonwealth v. Foust**, 180 A.3d 416, 439 (Pa.Super. 2018) (citing **Batts II**, 163 A.3d at 443 n.17).

Furthermore, the court properly followed **Batts II** and imposed maximum sentences of life imprisonment. Under **Batts II**, "a lower court, in resentencing a juvenile offender convicted of first-degree murder prior to

---

[1] Section 1102 provides in relevant part:

(a) First degree.—

(1) **Except as provided under section 1102.1 (relating to sentence of persons under the age of 18** for murder, murder of an unborn child and murder of a law enforcement officer), a person who has been convicted of a murder of the first degree or of murder of a law enforcement officer of the first degree shall be sentenced to death or to a term of life imprisonment in accordance with 42 Pa.C.S. § 9711 (relating to sentencing procedure for murder of the first degree).

18 Pa.C.S.A. § 1102(a)(1) (emphasis added).

*Miller*, may impose a minimum term-of-years sentence and a maximum sentence of life imprisonment…." ***Commonwealth v White***, 193 A.3d 977, 984 (Pa.Super. 2018) (citing ***Batts II***, 163 A.3d at 439).

Here, the trial court did just that. It imposed minimum terms of 25 and 37 years in prison, with maximum sentences of life imprisonment. Nothing about the sentence is illegal. ***See Commonwealth v. Ligon***, 206 A.3d 1196, 1201 (Pa.Super. 2019) (affirming resentencing pursuant to ***Miller*** of two concurrent terms of 35 years to life imprisonment for defendant who committed crime at the age of 15); ***White***, 193 A.3d at 986 (affirming resentencing pursuant to ***Miller*** of 35 years to life imprisonment of defendant who committed crime at the age of 17). We affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/4/20