J-S74045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NASEER J. JOHNSON | : | |
| | : | |
| Appellant | : | No. 522 EDA 2019 |

Appeal from the Judgment of Sentence Entered June 21, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0002307-2016

BEFORE: BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: Filed: April 30, 2021

Appellant, Naseer J. Johnson, appeals from the judgment of sentence of four months to two years' imprisonment entered in the Court of Common Pleas of Montgomery County after he pleaded guilty to simple assault. For the following reasons, we affirm.

On November 17, 2015, Appellant was arrested for committing an assault in the women's bathroom at the Horsham Township Library. According to both the criminal complaint and the witness impact statement read at his sentencing, he waited until his victim was at the sink before he sprung from his hiding place inside a stall, alternately covered her eyes and mouth with his hand, dragged her back into the stall, and repeatedly slammed her head against the stall and floor in an apparent attempt to knock her unconscious

_____

[*] Former Justice specially assigned to the Superior Court.

before the victim's desperate struggle in self-defense enabled her to scream for help and escape. N.T. 6/21/18 at 17-19.

On August 3, 2016, Appellant entered an open guilty plea to one count of Simple Assault[1] in the present matter, for which the lower court, on June 21, 2018, imposed a standard range guideline sentence of four to 24 months' incarceration.[2] On June 29, 2018, Appellant filed a counseled post-sentence motion for reconsideration of sentence, which the court denied on July 17, 2018.

While Appellant filed a timely notice of appeal in the companion case referenced above, he filed no notice of appeal in the case *sub judice*. On December 31, 2018, therefore, he filed a petition seeking reinstatement of his direct appeal rights *nunc pro tunc*, which the lower court granted in its Order of February 11, 2019.

Following Appellant's failure to file a court-ordered concise statement pursuant to Pa.R.A.P. 1925(b), he filed an Application for Remand with this Court, and by our order of April 16, 2019, we granted remand to permit the

---

[1] 18 Pa.C.S.A. § 2701(a)(1).

[2] At the same hearings, Appellant also entered an open guilty plea and received sentence, respectively, in a separate case docketed with the lower court at 776-16 involving one count each of Rape, Aggravated Assault, and Aggravated Indecent Assault stemming from his unrelated attack against a female clinical intern in an institutional setting. His appeal from the judgment of sentence entered in that companion case is presently docketed at No. 2410 EDA 2018, wherein he advances multiple issues, including the same challenge to the imposition of costs at sentencing that he raises in the case *sub judice*.

preparation of a concise statement. In both his concise statement and his appellate brief, he contends he received an illegal sentence when the lower court imposed costs of prosecution without inquiring into his ability to pay.

Because Appellant's claim challenges the sentencing court's authority to impose costs as part of its sentencing order, it implicates the legality of his sentence. *See Commonwealth v. Lehman*, 201 A.3d 1279, 1283 (Pa. Super. 2019), *aff'd*, 243 A.3d 7 (Pa. 2020). "Our standard of review over such questions is *de novo* and our scope of review is plenary." *Commonwealth v. White*, 193 A.3d 977, 985 (Pa. Super. 2018) (citing *Commonwealth v. Cardwell*, 105 A.3d 748, 750 (Pa. Super. 2014)).

The Judiciary Code requires a trial court to order a convicted defendant to pay costs pursuant to 42 Pa.C.S.A. § 9721(c.1), which provides:

> Mandatory payment of costs.—Notwithstanding the provisions of section 9728 (relating to collection of restitution, reparation, fees, costs, fines and penalties) or any provision of law to the contrary, in addition to the alternatives set forth in subsection (a), **the court shall order the defendant to pay costs**. In the event the court fails to issue an order for costs pursuant to section 9728, **costs shall be imposed upon the defendant under this section**. **No court order shall be necessary for the defendant to incur liability for costs under this section**. The provisions of this subsection do not alter the court's discretion under Pa.R.Crim.P. 706(C) (relating to fines or costs).

42 Pa.C.S.A. § 9721(c.1) (emphasis added).

As this Court recently recognized in *Commonwealth v. Lopez*, 2021 PA Super 51 (filed March 23, 2021) (*en banc*), the Pennsylvania Rules of Criminal Procedure, Sentencing Code, and established decisional law confer

upon a trial court discretion over whether to hold an ability-to-pay hearing at the time of sentencing. Only before incarcerating a defendant for failing to pay the costs imposed must a court hold a hearing. ***See Lopez***, at \*\*13-14 (explaining, "unless and until a defendant is in peril of going to prison for failing to pay the costs imposed on him. It is only at that point that the mandate for an ability-to-pay hearing arises").

Appellant is not facing incarceration for failing to pay the costs of prosecution imposed at his sentencing. Thus, he was not entitled to an ability-to-pay hearing at that time. For this reason, there is no merit to Appellant's claim that the trial court erred in failing to conduct such a hearing prior to imposing costs.

Judgment of sentence affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date: 4/30/21*