**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDRE CHIN | : | |
| | : | |
| Appellant | : | No. 880 EDA 2020 |

Appeal from the Judgment of Sentence Entered February 21, 2020
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0007662-2019

BEFORE: PANELLA, P.J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED JULY 13, 2021**

Andrew Chin appeals from the judgment of sentence entered in the Montgomery County Court of Common Pleas on February 21, 2020, which included the imposition of a fine and costs of prosecution. He argues he was entitled to an ability-to-pay hearing before the court imposed those costs at sentencing.[1] We affirm.

On August 30, 2019, Chin was charged with possession of a small amount of marijuana. On February 21, 2020, Chin entered a negotiated guilty plea to the amended count of careless driving, a summary offense. During the plea hearing, the Commonwealth described the terms of the parties' plea

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Chin does not challenge the imposition of a fine, and states that he has already paid the fine due. **See** Appellant's Brief, at 6.

agreement, including making it clear that the summary offense carried with it a twenty-five dollar fine plus court costs. *See* N.T., Guilty Plea, 2/21/2020, at 4. Chin acknowledged, on the record, that he understood the terms of the agreement, and specifically acknowledged that the Commonwealth had agreed to amend the criminal charge to a summary offense in exchange for Chin receiving the recommended penalty for that summary offense. *See id*. The court accepted the terms of the plea agreement, and in accordance sentenced Chin to pay a twenty-five dollar fine and costs of prosecution.

Trial counsel immediately entered an oral motion to waive the costs imposed. *See id*. at 8. At the same time, trial counsel acknowledged the court's "position" on waiving costs, and noted an appropriate motion would be filed. *Id*. The court did not acknowledge the oral motion or give any response to the issue of court costs.

Three days later, Chin filed a motion to waive costs of prosecution based on his inability to pay. On February 25, 2020, the trial court entered an order denying the motion. This timely appeal followed.[2]

---

[2] We note that on March 10, 2020, the trial court entered an order vacating the February 25, 2020 order, which had dismissed Chin's motion to waive costs, and scheduled a hearing on the motion for May 2020. As Chin did not request reconsideration of the February 25, 2020 order, Chin's notice of appeal, filed March 5, 2020, deprived the trial court of its jurisdiction to enter the March 10, 2020 order. *See Commonwealth v. Haughwout*, 816 A.2d 247, 249-50 (Pa. Super. 2003). As no further action has ever been taken pursuant to the March 10, 2020 order, it is clear the trial court recognized the invalidity of that order.

Chin raises a single issue for our review: "Did the sentencing court err in imposing the costs of prosecution on an indigent person absent a consideration of their financial means?" Appellant's Brief, at 4.

Chin contends that Pa.R.Crim.P. 706(C) requires a determination at sentencing of whether a defendant is able to pay costs. **See** Appellant's Brief, at 8. Chin requests that this matter be remanded to the trial court for a determination of Chin's ability to pay costs. **Id**. at 14.

Chin's claim challenges the sentencing court's authority to impose costs as part of its sentencing order; therefore, it implicates the legality of his sentence. **See Commonwealth v. Lehman**, 201 A.3d 1279, 1283 (Pa. Super. 2019). We review such questions *de novo* and our scope of review is plenary. **See id**.

Recently, an *en banc* panel of this Court considered the same issue presented here and held that "while a trial court has the discretion to hold an ability-to-pay hearing at sentencing, Rule 706(C) only requires the court to hold such a hearing when a defendant faces incarceration for failure to pay court costs previously imposed on him." **Commonwealth v. Lopez**, 248 A.3d 589, 590 (Pa. Super. 2021) (*en banc*).

Here, the trial court imposed court costs at sentencing without first holding an ability-to-pay hearing. Chin does not argue that he is facing incarceration for failing to pay previously imposed court costs. Therefore, pursuant to **Lopez**, under Rule 706, the trial court could have exercised its

discretion to hold an ability-to-pay hearing before imposing court costs as part of the sentence, but it was not required to do so. ***See id***. at 594–96. Accordingly, we find no merit to Chin's claim. No relief is due.

Judgment of sentence affirmed.

Judge McCaffery joins the memorandum and files a concurring statement.

Judge Colins joins the memorandum.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/13/2021