J-S09014-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARISSA A. KULP | : | |
| | : | |
| Appellant | : | No. 2125 EDA 2020 |

Appeal from the Judgment of Sentence Entered July 11, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0007277-2018

BEFORE:  OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    **FILED JULY 30, 2021**

Appellant, Marissa A. Kulp, appeals from the judgment of sentence, entered July 11, 2019.  We affirm.

The trial court adequately summarized the procedural history of this case as follows:

> On October 12, 2018, Pottstown Borough Police Department filed a criminal complaint charging Appellant with burglary, criminal trespass and related offenses.  On April 24, 2019, a jury found Appellant guilty of one count of burglary,[1] one count of criminal

---

[1] 18 Pa.C.S.A. § 3502[.]

trespass,[2] one count of theft from a motor vehicle,[3] and one count of theft by receiving stolen property.[4]

At a sentencing hearing on July 11, 2019, [the trial] court sentenced Appellant to a term of imprisonment for not less than two (2) years nor more than five (5) years in a State Correctional Institution. The [trial] court imposed a consecutive term of probation for a period of three (3) years. The [trial] court sentenced Appellant to pay the costs of prosecution and a fine of $1,000.00 within the first 24 months of release from custody.

On August 6, 2019, the office of the public defender filed a timely [n]otice of [a]ppeal to [this Court] on behalf of Appellant.[5] On August 12, 2019, [the trial] court ordered Appellant to file a concise statement of matters complained of on appeal. On September 3, 2019, Appellant filed a timely concise statement. On September 4, 2019, Appellant filed an amended concise statement, eliminating one issue raised in [her] earlier [] statement.

On September 16, 2019, the [trial court] filed an opinion pursuant to Pa.R.A.P. 1925(a) and the record was transmitted to [this Court]. [This Court] issued a briefing schedule. On December 18, 2019, [this Court] dismissed Appellant's appeal for failure to file a brief. On January 24, 2020, [this Court] remanded the record to the trial court.

On January 24, 2020, the office of the public defender filed a petition to reinstate appeal *nunc pro tunc* on Appellant's behalf. The petition asserted that, "[d]ue to administrative error that is of no fault of [Appellant], the new briefing schedule was not properly calendared by the office of the public defender. As a result, appellate counsel inadvertently failed to file a timely brief." On February 18, 2020, th[e trial] court denied that petition.

_____

[2] 18 Pa.C.S.A. § 3503[.]

[3] 18 Pa.C.S.A. § 3934[.]

[4] 18 Pa.C.S.A. § 3925[.]

[5] [We docketed the appeal at] 2249 EDA 2019[.]

On September 4, 2020[, appellate counsel] properly filed a Post Conviction Relief Act [p]etition ("PCRA [p]etition") [pursuant to 42 Pa.C.S.A. §§ 9541-9546,] for reinstatement of appeal and appointment of counsel.[6] On September 15, 2020, the court ordered the Commonwealth to file a response to the PCRA. By order dated October 19, 2020, the [trial court sitting as a PCRA] court granted Appellant's PCRA [p]etition on the basis of ineffective assistance of counsel, reinstated Appellant's direct appeal rights, and appointed conflict counsel to represent Appellant for her direct appeal.

Trial Court Opinion, 12/11/20, at 1-3 (some citation omitted) (footnotes numbered as in original). This appeal followed.[1]

Appellant's sole issue on appeal is as follows:

Did the trial court err in not making a determination regarding Appellant's ability to pay court ordered fines and court costs prior to sentencing the Appellant?

Appellant's Brief at 3.

Appellant contends that the applicable Pennsylvania statutes and the Rules of Criminal Procedure require a sentencing court to consider a defendant's ability to pay prior to imposing costs and fines, such that costs and fines are subject to waiver where a defendant is indigent, as established by his or her eligibility for the services of a public defender. Appellant's Brief at 10. Appellant asserts that the Pennsylvania Rule of Criminal Procedure

---

[6] The [order] dismissing [Appellant's original] direct appeal became final thirty (30) days from December 18, 2019. This PCRA [p]etition was timely filed within one (1) year of the date [Appellant's] judgment became final. **See** 42 Pa.C.S.A. § 9545(b).

[1] Appellant timely filed a concise statement of matters complained of on appeal on November 11, 2020 pursuant to Pa.R.A.P. 1925(b). The trial court subsequently filed its 1925(a) opinion on December 11, 2020.

706(C) mandates that courts determine the defendant's ability to pay costs and fines at the time of sentencing. She claims that the sentencing court committed legal error by failing to follow this alleged mandate.

Appellant's claim challenges the sentencing court's authority to impose fines and costs as part of its sentencing order. Therefore, it implicates the legality of her sentence. **See Commonwealth v. Lehman**, 201 A.3d 1279, 1283 (Pa. Super. 2019), *affirmed*, 243 A.3d 7 (Pa. 2020). Thus, while Appellant did not raise this issue at sentencing or in a post-sentence motion, her claim is not subject to waiver. **Commonwealth v. Boyd**, 73 A.3d 1269, 1270 (Pa. Super. 2013) (*en banc*). Our standard of review is plenary and is limited to determining whether the trial court committed an error of law. **Commonwealth v. Snyder**, 2021 WL 1324388 at *10 (Pa. Super. Apr. 9, 2021). Appellant does not contest the terms of her imprisonment or her consecutive probation. Instead, she focuses her challenge solely on the imposition of court costs and a $1,000.00 fine. We first analyze Appellant's issue regarding costs and then turn to her issue regarding the fine.

Appellant argues that the legislature "explicitly mandated that costs should be imposed only if the defendant is financially able to pay." Appellant's Brief at 12. Appellant asserts that Rule 706(C) required the sentencing court to determine her ability to pay before imposing costs. Appellant's Brief at 13. Appellant's argument misconstrues the applicable statutory and case law and thus lacks merit.

During the pendency of this appeal, this Court addressed the precise issue raised by Appellant in **Commonwealth v. Lopez**, 248 A.3d 589 (Pa. Super. 2021) (*en banc*). The **Lopez** Court rejected the argument that Appellant asserts here. Rather, the **Lopez** Court reaffirmed our prior precedent that Rule 706(C) "in no way places an affirmative duty on a sentencing court to hold an ability-to-pay hearing prior to imposing mandatory costs upon a defendant." **Id.** at 594; *accord* **Commonwealth v. Childs**, 63 A.3d 323, 326 (Pa. Super. 2013); **Commonwealth v. Hernandez**, 917 A.2d 332, 336-337 (Pa. Super. 2007). The *en banc* panel clarified:

> we hold that while a [sentencing] court has the **discretion** to hold an ability-to-pay hearing at sentencing, Rule 706(C) only **requires** the court to hold such a hearing when a defendant faces incarceration for failure to pay court costs previously imposed on [her].

**Lopez**, 248 A.3d at 590 (emphasis added). Therefore, with respect to costs, a sentencing court may, in its own discretion, hold an ability-to-pay hearing at sentencing, but it is not required to do so until such time as the defendant is in default and threatened with impending incarceration. **Commonwealth v. Ford**, 217 A.3d 824, 827 n.6 (Pa. 2019) (a presentence ability-to-pay determination is not necessary for mandatory costs, however a defendant cannot be committed to prison unless the court determines defendant's inability to pay).

Here, the court, at sentencing, imposed mandatory court costs pursuant to Section 9721(c.1) of the Sentencing Code. **See** Trial Court Opinion,

12/11/20, at 8, *citing* 42 Pa.C.S.A. § 9721(c.1).[2]  At that time, Appellant did not face default or potential incarceration for failure to pay previously-imposed assessments of costs.  Because no presentence determination of Appellant's ability to pay mandatory court costs was required at sentencing, the sentencing court did not commit error in its imposition of court costs.

Appellant next argues that her sentence was illegal because the sentencing court failed to determine her ability-to-pay before imposing a $1,000.00 fine.  Appellant's Brief at 17.  Appellant contends that she is indigent, as shown by her qualification for public defender services.  *Id.* at 16.  Appellant asserts that the sentencing court erred in imposing a fine because it failed to inquire into her ability to pay, failed to discuss the burden it would place on her once released, and failed to consider her indigence.  *Id.* at 17.

Sentencing courts may impose fines on a defendant either as a sole punishment or as an additional sentence.  42 Pa.C.S.A. § 9726(a) and (b);

---

[2] Section 9721(c.1) provides:

> Mandatory payment of costs. – Notwithstanding the provisions of section 9728 (relating to collection of restitution, reparation, fees, costs, fines and penalties) or any provision of law to the contrary, in addition to the alternatives set forth in subsection (a), **the court shall order the defendant to pay costs**.  In the event the court fails to issue an order for costs pursuant to section 9728, **costs shall be imposed upon the defendant under this section.  No court order shall be necessary for the defendant to incur liability for costs under this section.**  The provisions of this subsection do not alter the court's discretion under Pa.R.Crim.P. 706(C) (relating to fines or costs).

42 Pa.C.S.A. § 9721(c.1) (emphasis added).

*see also* 42 Pa.C.S.A. § 9721(a)(5) (providing fines as a sentencing alternative). Courts may impose fines as an additional sentence if they determine that either (1) the defendant derived a pecuniary gain from the crime or (2) a fine is specially adapted to deterrence or correction of the defendant. 42 Pa.C.S.A. § 9726(b). Section 9726 forbids the imposition of a fine unless "it appears of record" that "the defendant is or will be able to pay the fine[.]" 42 Pa.C.S.A. § 9726(c)(1).[3]

The ability-to-pay requirement set out in Section 9726(c)(1) does not necessarily require testimonial evidence. *Ford*, 217 A.3d at 831 n.14; *id.* at 828 (a sentence is illegal only when the record is **silent** as to defendant's ability to pay). Rather, a presentence investigation ("PSI") report can satisfy the inquiry. *Id.* at 831 n.14; *Boyd*, 73 A.3d at 1274. Where a sentencing court possesses a PSI report, reviewing courts presume that the sentencing court "was both aware of and appropriately weighed all relevant information contained therein." *Commonwealth v. Griffin*, 804 A.2d 1, 8 (Pa. Super. 2002); *accord Boyd*, 73 A.3d at 1274 (evidentiary basis existed for imposition of a non-mandatory fine when the court possessed a PSI report "containing significant information regarding appellant's educational history, employment history, and existing assets").

The sentencing court explained:

---

[3] Section 9726(c)(2) does not come into play in this case because the court did not order payment of restitution.

Prior to the sentencing hearing, the [sentencing] court received and reviewed Appellant's PSI report and [Probation and Parole Intervention ("PPI")] evaluation. N.T. Sentencing [Hearing,] 7/11/19[,] at 3. The assistant district attorney and Appellant's counsel each reviewed the PSI report and PPI evaluation. [*Id.*] Counsel made no corrections to the reports. [*Id.*] At the sentencing hearing, the assistant district attorney placed the sentencing guidelines on the record. [*Id.*] at 5-7.[4]

Prior to imposing [the] sentence upon Appellant, the [sentencing] court carefully reviewed Appellant's PSI report and PPI evaluation [*Id.*] at 17-18. The PSI report provided detailed information related to Appellant's education, economic status and occupation.[5] In addition, the [sentencing] court reviewed

---

[4] According to the guidelines, as written within the PSI report, three of Appellant's four convictions carried recommended fines as part of their respective sentences. PSI report, 6/25/19, at 10 and 11. Specifically, count two, criminal trespass, carried a recommended fine of $1,088.00 to $1,269.00. *Id.* at 10. Counts four and five, theft by unlawful taking, each carried a recommended fine of $544.00 to $725.00. *Id.* at 11. Therefore, the guidelines recommended the imposition of fines totaling up to $2,719.00.

[5] The PSI report noted that Appellant graduated from high school and attended a vocational-technical school for cosmetology. PSI report, 6/25/19, at 7. Appellant did not complete her cosmetology program due to an ATV accident. *Id.* Nevertheless, Appellant plans to further her education post-incarceration. *Id.* Appellant received government assistance by way of $195.00 in food stamps per month. *Id.* Her work history included employment part-time at a local Redners and then full-time as an in-home health aide for a wage of $9.50 per hour. *Id.* at 6 and 8. Appellant reported being unemployed since 2015, but she "relied on the men in her life to cover her expenses" including "housing, transportation, food, and spending money." *Id.* at 7-8. Appellant also received support from her mother, including care for her daughter. *Id.* at 8. Upon release from prison, Appellant plans to apply for Social Security Disability. *Id.* Though Appellant asserts in her brief to this Court that she "has outstanding medical bills and other debts," *see* Appellant's Brief at 17, she reported only one debt to the PSI investigator – court costs and fines in Berks and Montgomery counties. PSI report, 6/25/19, at 8. Appellant had several opportunities to correct or supplement the PSI report, including entering a statement within the report and correcting the PSI report prior to sentencing, but she failed to do so. *See id.* at 8; N.T. Sentencing Hearing, 7/11/19, at 3-4.

> Appellant's written statement (two pages long) that she submitted in conjunction with the PSI report. [*Id.*] at 17. Appellant also provided an oral statement at the sentencing hearing. Accordingly, [the sentencing] court had a sufficient evidentiary basis to determine Appellant's ability to pay, and the imposition of a fine of $1,000.00 . . . was proper.

Trial Court Opinion, 10/6/20, at 9 (ellipsis omitted).

Based on our review of the record and the sentencing court's possession of a very detailed PSI report, we presume that the sentencing court was aware of and appropriately weighed the information contained therein. ***Griffin***, ***supra***. We therefore conclude that an evidentiary basis of record existed regarding Appellant's ability-to- pay. ***Ford***, ***Boyd***. Further challenges beyond the presence of an evidentiary basis of Appellant's ability-to-pay pertain to the discretionary aspects of sentencing, which Appellant waived for failing to preserve the claim at the trial court level. ***Boyd***, 73 A.3d at 1274.

Judgment affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/30/2021