J-S25008-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RUBEN CEZAIRE | : | |
| | : | |
| Appellant | : | No. 996 EDA 2019 |

Appeal from the Order Entered March 18, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0007944-2017

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED SEPTEMBER 01, 2021**

Appellant, Ruben Cezaire, appeals from the judgment of sentence of an aggregate term of 6 months' to 5 years' imprisonment, plus court costs in the amount of $885.00, imposed after he was convicted, following a non-jury trial, of aggravated assault of a police officer, simple assault, and resisting arrest. On appeal, Appellant solely challenges the legality of the court's imposition of costs without first considering his ability to pay. After careful review, we affirm.

The facts of Appellant's underlying crimes are not necessary to our disposition of his appeal. We need only note that Appellant was convicted of the above-stated offenses following a non-jury trial on October 24, 2018. He was sentenced to the term set forth *supra* on March 7, 2019. Appellant filed

_____

[*] Retired Senior Judge assigned to the Superior Court.

a timely, post-sentence motion, which was denied. He then filed a timely appeal, and he complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed an opinion on June 14, 2019.

Herein, Appellant states one issue for our review: "Did the sentencing court err by imposing costs absent a consideration of [Appellant's] ability to pay them?" Appellant's Brief at 2.

Appellant argues that the sentencing court erred by imposing costs without taking into account his ability to pay. Appellant contends that Pennsylvania Rule of Criminal Procedure 706 mandates consideration of the defendant's ability to pay by stating, "The court, in determining the amount and method of payment of a fine or costs shall, insofar as is just and practicable, consider the burden upon the defendant by reason of the defendant's financial means, including the defendant's ability to make restitution or reparations." Pa.R.Crim.P. 706(C). Because the court failed to take his ability to pay into consideration before imposing mandatory costs, Appellant maintains that his sentence is illegal and must be vacated.

This Court recently explained that a "claim concerning the trial court's imposition of mandatory costs without inquiring into his ability to pay … implicates the legality of [an a]ppellant's sentence." *Commonwealth v. Snyder*, 251 A.3d 782, 797 (Pa. Super. 2021) (citing *Commonwealth v. Lehman*, 201 A.3d 1279, 1283 (Pa. Super. 2019), *affirmed*, 243 A.3d 7 (Pa. 2020) ("Because [the defendant] challenges the trial court's authority to

- 2 -

impose costs..., we conclude that the [defendant's] claim implicates the legality of his sentence[.]"); *Commonwealth v. Garzone*, 993 A.2d 306, 316 (Pa. Super. 2010) (same)).  As such, we will address the merits of this claim, despite the fact that Appellant did not raise it before the trial court in his post-sentence motion.

In *Snyder*, the appellant presented an identical challenge to the court's imposition of costs as Appellant raises herein, arguing that Rule 706(C) requires the court to consider a defendant's ability to pay before costs may be imposed.  *See Snyder*, 251 A.3d at 797.  In rejecting this argument, we reasoned:

> Although artfully presented, [Snyder's] substantive arguments run counter to existing precedent, which has consistently interpreted Rule 706 as **not** requiring a presentence inquiry into a defendant's ability to pay costs.  *See [Commonwealth v.] Ford*, [217 A.3d 824,] 827 n.6 [(Pa. 2019)] (citing Pa.R.Crim.P. 706) ("[A] **pre[-]sentence** ability-to-pay hearing is not required when costs alone are imposed."[)] (emphasis in original)); *see also Commonwealth v. Childs*, 63 A.3d 323, 326 (Pa. Super. 2013) ("Generally, a defendant is not entitled to a pre-sentencing hearing on his or her ability to pay costs.").
>
> Most recently, in *Commonwealth v. Lopez*, 243 A.3d 589, 590 (Pa. Super. 2021) (*en banc*), this Court explicitly reaffirmed this interpretation of Pennsylvania law: "[W]hile a trial court has the discretion to hold an ability-to-pay hearing at sentencing, Rule 706(C) only requires the court to hold such a hearing when a defendant faces incarceration for failure to pay court costs previously imposed on him."  Accordingly, we conclude that Rule 706 does not require a presentence determination of [an a]ppellant's ability to pay before the trial court imposes costs.  *See Lopez*, *supra* at 590–99.  No relief is due.

*Id.* at 797-98 (emphasis in original).

Based on **Lopez** and **Snyder**, it was permissible for the court to impose costs without first considering Appellant's ability to pay, as Appellant was not facing incarceration for failing to pay those costs. Accordingly, Appellant's sentencing challenge is meritless.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 9/1/2021*